CV-13 1341

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 01 2013   ★

LONG ISLAND OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAKARY CHERIF, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SAMEDAY DELIVERY, CORP., and, BENEDITO EWARTON, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**DEARIE, J.**<br>**GO, M.** |

Plaintiff, BAKARY CHERIF (hereinafter "Cherif" or "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "Plaintiffs" or "Class Action Plaintiffs" or "FLSA Plaintiffs"), by and through his attorneys, The Law Office of Borrelli and Associates, P.L.L.C, brings this action for damages and other legal and equitable relief from Defendants, SAMEDAY DELIVERY CORP. ("SDD"), and Benedito Ewarton, an individual ("EWARTON"), (collectively as "Defendants"), for violations of: (1) the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); (2) the New York Labor Law ("Labor Law"); (3) the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 *et seq.*; and (4) any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. Plaintiff brings this action on his own behalf and on behalf of those similarly-situated to him for Defendants' violations of Federal and New York State laws requiring overtime pay for employees and proper compensation for spread of hours.

2.  Defendants committed violations of these laws by engaging in a systematic scheme of failing to pay Plaintiff and similarly-situated employees their statutorily required overtime compensation and failing to properly compensate Plaintiff and similarly-situated employees for spread of hours.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, including such rights under 29 U.S.C. § 201 *et seq.*

4.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

6.  Plaintiff Cherif is a resident of New York and lives in Jamaica, Queens, New York.

7.  Defendant SDD is a corporation organized under the laws of the State of New York with its principal place of business in Manhattan, New York.

2

8. Defendant Ewarton is the Chief Executive Officer of SDD located at, 2326 2nd Avenue, #1, New York, NY 10035.

9. The amount of qualifying annual volume of business for Defendants exceeds $500,000.00 and the Defendants are engaged in an enterprise engaged in interstate commerce, the combination of which subjects the businesses to the FLSA's overtime requirements.    Additionally, all of Defendants' employees, including Plaintiffs, are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform or performed any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due to them for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

11. Plaintiff is similarly situated to all such individuals because, while employed by Defendants, she and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of forty (40) hours per work-week; were not paid the required one and a half (1½) times their respective regular rates of pay for all overtime hours worked; and were not provided with accurate statements of wages at the time they were paid, reflecting actual hours worked.

3

12. Specifically, for the duration of the nearly two (2) years of Plaintiff's employment, Plaintiff was scheduled to work and/or required to work in excess of forty (40) hours per week. Plaintiff was not compensated at the statutorily required rate of time and a half for the hours they worked in excess of forty (40). Defendants only compensated Plaintiffs for the first sixteen (16) hours of overtime and failed to pay Plaintiff and all those situated to Plaintiff the actual overtime hours worked.

13. Defendants are and have been aware they are required to pay Plaintiff and FLSA Plaintiffs one and a half (1½) times their respective regular rates of pay for all hours worked over forty (40). However, Defendants purposefully – and explicitly – chose not to abide by the law.

## RULE 23 CLASS ALLEGATIONS

14. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on her own behalf as well as those who are similarly situated and are also Class Action Plaintiffs, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

15. Under F.R.C.P. 23(b)(3), Plaintiff must plead that the class:

   a. Is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class which predominate any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

16. The Class which Plaintiffs seek to define includes:

4

Current and former employees of Defendants who perform or performed any work in any of Defendants' locations in any capacity during the statutory period within the State of New York who (1) worked in excess of forty (40) hours per week and were not compensated with overtime pay and/or (2) worked in excess of ten (10) hours per day and were not compensated with the mandatory spread of hours pay and/or (3) were not provided with an accurate statement of wages, reflecting actual hours worked. ("Class Action Plaintiffs").

## Numerosity

17. During the previous two (2) years, Defendants have, in total, employed at least in excess of ten (10) employees.

## Common Questions of Law and/or Fact

18. There are questions of law/fact that govern over the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

   a. Whether Class Action Plaintiffs worked in excess of forty (40) hours per week and/or ten (10) hours per day;

   b. Whether Defendants failed to pay Class Action Plaintiffs for the hours worked in excess of forty (40) hours;

   c. Whether Class Action Plaintiffs were compensated for spread of hours;

   d. Whether Defendants kept accurate records of hours worked by Class Action Plaintiffs;

   e. Whether Defendants provided Class Action Plaintiffs with accurate statements of actual hours worked at the time payroll is distributed;

   f. Whether Defendants have any affirmative defenses for any of these claims.

## Typicality of Claims and/or Defenses

19. Plaintiff was employed by defendants in the same capacity as all of Defendants' non-managerial employees entitled to earn spread of hours and time and a half (1 ½) for overtime services performed. Defendants provide grocery delivery services for supermarkets throughout New York City, Long Island and the Tri-State Area. Plaintiff was a delivery driver, making grocery deliveries, as required by each supermarket who held an account with Defendants. Plaintiff used a company vehicle to make local deliveries, mainly in the Long Island area but never out of state. Throughout his employment, Plaintiff was not compensated for his spread of hours for days worked in excess of ten (10) hours and he was not properly paid for overtime services performed. Further, Defendant failed to issue accurate wage statements to Plaintiffs. This was the same or similar for all of Defendants' non-managerial employees. Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' non-managerial employees holding those exact or similar non-managerial positions.

## Adequacy

20. The representative party is not currently employed by Defendants.

21. Plaintiff fully anticipates the ability to testify under oath as to the services worked and time spent thereof for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.

22. Additionally, Plaintiff's attorneys have substantial experience in this field of law.

6

<u>Superiority</u>

23. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

24. Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees.

25. Indeed, because Plaintiff is not currently employed by Defendants, she will be able to further represent Class Action Plaintiffs by acting without fear of retaliation and/or harassment.

26. Thus, to protect all of Class Plaintiffs' rights, a class action is superior to any other method.

**FACTS**

27. Defendant SDD is a private company that contracts with supermarkets throughout New York City, Long Island and various parts of the Tri-State area to provide home grocery delivery services.

28. Defendant SDD is located at 2326 2nd Avenue, #1, New York, New York 10035.

29. Defendant Ewarton is the CEO of SDD, located at 2326 2nd Avenue, #1, New York, New York 10035.

30. Plaintiff commenced his employment with Defendants in or around December of 2011 and worked as a delivery driver, making residential grocery deliveries in the State of New York from various supermarkets, who were Defendants customer.

31. For the duration of his employment, Plaintiff was a full-time employee of Defendants. Plaintiff routinely worked over eight (8) hours a day, six (6) days per week and always worked at least sixty (60) hours per week.

32. Despite working at least sixty (60) hours per week, Defendants intentionally compensated Plaintiff for the first sixteen (16) hours of overtime worked only, thus failing to properly compensate Plaintiff for all overtime worked.

33. Plaintiff was not compensated for the legally mandated spread of hours pay for hours worked in excess of ten (10) hours a day.

34. Defendants willfully and intentionally failed to pay Plaintiff, FLSA, and Class Action Plaintiffs their lawful wages.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)*
*Federal Overtime Pay Violations*

35. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

37. These practices were willful and lasted for the duration of all relevant time periods.

38. These practices are in violation of the FLSA.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of Labor Law §§ 650 et seq.)*
*New York State Overtime Pay Violations*

39. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

41. These practices were willful and lasted for the duration of all relevant time periods.

42. These practices are in violation of Labor Law §§ 650 *et seq.*

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of 12 N.Y.C.R.R. § 142-2.4)*

43. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. These practices were willful and lasted for the duration of the relevant time periods.

45. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of the New York Labor Law § 195 (3))*

46. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. Defendants did not issue accurate pay stubs to the Plaintiffs in violation of New York Labor Law §195 (3).

48. Specifically, Plaintiffs were not given pay stubs which accurately reflected overtime hours worked.

49. This practice is willful and in violation of New York Labor Law § 195 (3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs demand judgment against Defendants as follows:

1.  Demand a jury trial on these issues to determine liability and damages;

2.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3.  A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, 29 U.S.C. §§ 201-219; Labor Law §§ 650 *et seq.*; Labor Law §195 (3); and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4.  A judgment pursuant to 28 U.S.C. § 2201 declaring that Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs are not exempt from the overtime requirements of FLSA 29 U.S.C. §§ 201-219 and Labor Law §§ 650 *et seq.*; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

5.      An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs for all damages which Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs have sustained as a result of Defendants' conduct, including back pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

6.      An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

7.      An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

8.      An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties;

9.      An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs of exemplary damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

10.     An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

11.     An award to the Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

12.     Any other and further relief as this Court finds necessary and proper.

Dated: June 27, 2013
        Great Neck, New York

Respectfully submitted,

**THE LAW OFFICE OF
BORRELLI & ASSOCIATES, PLLC**
*Attorneys for Plaintiffs*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550

MICHAEL J. BORRELLI, ESQ. (MB8533)