**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
**BAKARY CHERIF, on behalf of himself**
 **and all others similarly situated,**                              **Case No.: 13-CV-1341(RJD)(MDG)**

                              **Plaintiffs,**

                              **- against -**

**SAMEDAY DELIVERY CORP. and**
**BENEDITO EWARTON, an individual,**

                              **Defendants.**
--------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE ACTION UNDER**
**THE FLSA**

MILMAN LABUDA LAW GROUP PLLC
Robert F. Milman, Esq.
Ira Wincott, Esq.
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042
(516) 328-8899

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................1

**STANDARD** ...........................................................................................................2

**POINT I**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A**
**COLLECTIVE ACTION MUST BE DENIED** .....................................................5

**POINT II**
**ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS**
**CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE CONTAINS**
**NUMEROUS DEFICIENCIES** ..........................................................................15

**POINT III**
**ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS**
**CERTIFICATION IS GRANTED, PLAINTIFFS' METHOD OF DISSEMINATION**
**OF THE NOTICE CONTAINS DEFICIENCIES** ................................................20

**CONCLUSION** ......................................................................................................22

# TABLE OF AUTHORITIES

## Cases

Amendola v. Bristol-Myers Squibb Co., 558 F.Supp.2d 459 n.1 (S.D.N.Y. 2008) ..................2

Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 39105
   (S.D.N.Y. Apr. 26, 2007)...................................................................................................17

Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193, at *7
   (D. Md. Oct. 13, 2010)......................................................................................................20

Barfield v. New York City Health & Hospitals Corp., 2005 U.S. Dist. LEXIS 28884
   (S.D.N.Y. Nov. 18, 2005) .................................................................................................11

Bifulco v. Mortgage Zone Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009) ...................................2

Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335 (2d Cir. 1978) ......................3

Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795,
   at *7-8 (E.D. Cal. June 5, 2008) ......................................................................................21

Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516 (D. Md. 2000)........................................4

Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780
   (E.D.N.Y. Feb. 3, 2009) ...........................................................................................11,16,19

Chowdhury v. Duane Reade, Inc., 2007 U.S. Dist. LEXIS 73853 at *6
   (S.D.N.Y. Oct. 2, 2007) ....................................................................................................21

Cohen v. Gerson Lehrman Group, Inc., 2010 U.S. Dist. LEXIS 1666
   (S.D.N.Y. Jan. 6, 2010).................................................................................................7,16

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200 (N.D.N.Y. 2009)..................20

Damassia v. Duane Reade Inc., 2006 WL 2853971, at *7 (S.D.N.Y. Oct. 5, 2006) .................2

Delaney v. Geisha NYC, LLC, 261 F.R.D. 55 (S.D.N.Y. 2009)..............................................21

Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369 (E.D.N.Y. 2008);................................17

Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262
   (S.D.N.Y. Nov. 13, 2009) .................................................................................................10

Francis v. A&E Stores, Inc., 2008 U.S. Dist. LEXIS 83369, 7
   (S.D.N.Y. Oct. 15, 2008) ..................................................................................................16

Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F.Supp.2d 89.
   (E.D.N.Y. 2010).................................................................................................................7

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91 (S.D.N.Y. 2003).............2,17

Guan Ming Lin v. Benihana Nat'l Corp., 2010 U.S. Dist. LEXIS 132871, 12
   (S.D.N.Y. Nov. 9, 2010) ...................................................................................................10

Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 at 475 (S.D.N.Y. 2010) .........................3

Guillen vMashalls of MA, Inc., 2010 WL4627851, *2-3, (S.D.N.Y., Nov. 16, 2010)..............7

Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 *23 (E.D.N.Y. Oct. 11, 2007) ...........18

Hall v. Burk, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) ..........................................4

Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387, *12
   (S.D.N.Y. 2008) ...............................................................................................................18

Han v. Sterling Nat'l Mortg. Co., 2011 U.S. Dist. LEXIS 103453
   (E.D.N.Y. Sept. 14, 2011).................................................................................................22

Haynes v. Singer Co., 696 F.2d 884 (11th Cir. 1983) ............................................................3

Heagney v. European Am. Bank, 122 F.R.D. 125 (E.D.N.Y. 1988).....................................4, 5

Hernandez v. Immortal Rise, Inc., 2012 U.S. Dist. LEXIS 136556 *21
   (E.D.N.Y. Sept. 24, 2012)................................................................................................17

Hoffmann v. Sbarro, 982 F. Supp. 249 (S.D.N.Y. 1997) ....................................................2,3

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) .............................................3

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004) .....................................3

Indergit v. Rite Aid Corporation, 2010 WL 2465488, *1, n. 3 (S.D.N.Y., June 16, 2010)........3

Jackson v. New York Tele. Co., 163 F.R.D. 429 (S.D.N.Y. 1995) ....................................4

Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)........................15,17

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) ........................................17

Levinson v. Primedia Inc., 2003 WL 22533428 *1 (S.D.N.Y. Nov. 6, 2003)...................4,8

Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011)........18, 20

Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539, at
   * (S.D.N.Y. October 1, 2002) ......................................................................................3

Enriquez v. Cherry Hill Mkt. Corp., 2012 U.S. Dist. LEXIS 17036
   (E.D.N.Y. Feb. 10, 2012)............................................................................................17

Masson v. Ecolab, Inc., 2005 WL 2000133, at *13 (S.D.N.Y. Aug, 17, 2005) .......................2

Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519, 6
   (S.D.N.Y. Apr. 7, 2008)........................................................................................10, 11

Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003)........................3,4

Monger v. Cactus Salon & Spa's LLC, 2009 U.S. Dist. LEXIS 60066
   (E.D.N.Y. July 6, 2009)........................................................................................14, 15

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006).............10

Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233, *31 (N.D. Cal. 2008)..........22

Myers v. Hertz Corp., (2d Cir. Oct. 27, 2010) ...................................................................3

Palmer v. Reader's Digest Ass'n, 1986 WL 11458 at *1 (S.D.N.Y. Oct. 3, 1986)......................5

Patton v. Thomson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005)....................................17

Pineda v. Jim-Mar Consultants, Inc., 2010 WL 3853027 (E.D.N.Y., Sept. 27, 2010) ...............7

Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 *7 (S.D.N.Y. June 12, 2006) .............4

Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998)................................3

Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 61634 *7 (E.D.N.Y. Apr. 29, 2013) ..........17

Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ....................................4

Romero v. Flaum Appetizing Corp., 2009 U.S. Dist. LEXIS 80498
   (S.D.N.Y. Aug. 17, 2009) ..........................................................................................17

Rosario v. Valentine Ave. Disc. Store, Co., 2011 U.S. Dist. LEXIS 126634
   (E.D.N.Y. Nov. 2, 2011)........................................................................................11,16

Searson v. Concord Mortg. Corp., 2009 U.S. Dist. LEXIS 88926
   (E.D.N.Y. Aug. 31, 2009)...........................................................................................17

Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007) .......................................10

Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ..........22

Sobczak v. AWL Indus., 540 F. Supp. 2d 354 (E.D.N.Y. 2007)........................................16

Urresta v. MBJ Cafeteria Corp., 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011)...15

Wraga v. Marble Lite, Inc., 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)..........11

**Statues:**

29 U.S.C. §216(b)……………………………………………………………...………1,2,8

iii

## PRELIMINARY STATEMENT

Defendants, Sameday Delivery Corp. and Benedito Ewarton oppose Plaintiffs' motion to proceed as a collective action on behalf of all delivery drivers of Defendants on the grounds that Plaintiffs have failed to offer an explanation as to what "new evidence" Plaintiffs have procured in order to make the instant motion and that he has failed to establish by competent proof that there are similarly situated employees as required under 29 U.S.C. § 216(b). Plaintiffs' motion to: have this case conditionally approved as a collective action; to compel Defendants to produce names and contact information; and for notice to be sent to all Same Day Delivery Corp. drivers must be denied. The threshold issue in deciding whether to authorize class notice in an FLSA action is whether Plaintiffs have demonstrated that potential class members are similarly situated. Even under the modest factual standard set by this Court, Plaintiffs exclusively rely on conclusory affidavits from the named Plaintiff and the sole opt-in that do not identify a single other employee who has allegedly been subject to the same unlawful pay practice as them. The affidavits are insufficient to justify conditional certification of the collective action.

Plaintiffs have also failed to present any evidence that Defendants, together, maintained a common scheme or policy.  These hypothetical certifications are devoid of any proof that there are other similarly situated members.  Thus, to have this Court order a conditional collective certification will be an expensive, unnecessary burden and waste of time and should be denied.

## **STANDARD**

Under Section 216(b) of the FLSA, an employee may sue on behalf of himself and all other employees who are "similarly situated." 29 U.S.C. § 216(b). "The FLSA permits those similarly situated employees to "opt in" to the litigation and become party plaintiffs by filing a written consent form with the Court. See Damassia v. Duane Reade Inc., 2006 WL 2853971, at *7 (S.D.N.Y. Oct. 5, 2006) (citing Masson v. Ecolab, Inc., 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005)). Unlike the class action procedures under Fed.R.Civ.P. 23, "only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it." Damassia, 2006 WL 2853971, at *7 (citing Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 103-04 (S.D.N.Y.2003)).

"In contrast to the procedural requirements set forth in Rule 23 of the Federal Rules of Civil Procedure for class actions...neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA class action." Amendola v. Bristol-Myers Squibb Co., 558 F.Supp.2d 459 n.1 (S.D.N.Y. 2008). Moreover, Section 216(b) does not refer to court-authorized notice to potential opt-in plaintiffs; however, "it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice." Gjurovich, 282 F.Supp.2d at 103-04 (quoting Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997) (additional citations and internal quotation marks omitted)).

Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of "certifying a class," See Bifulco v. Mortgage Zone Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009). "The act of 'certifying' a collective action, however, means only that this Court has exercised its discretionary power to

2

facilitate the sending of notice to potential class members." Guillen v. Marshalls of MA, Inc., 750 F.Supp.2d 469 at 475 (S.D.N.Y. 2010) (internal quotations omitted) (citing Myers v. Hertz Corp., (2d Cir. Oct. 27, 2010). Courts have treated motions styled as ones for "conditional certification" as requests for authorization of notice to the potential FLSA class. See e.g., Indergit v. Rite Aid Corporation, 2010 WL 2465488, *1, n. 3 (S.D.N.Y., June 16, 2010).   Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539 *2 (S.D.N.Y. October 1, 2002) citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978). This discretionary power, however, must only be exercised in appropriate cases.   Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004); Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983). "The question, therefore, is ... whether the appropriate circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." See Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, plaintiffs must demonstrate that the potential class members are similarly situated.  Realite, 7 F. Supp. 2d at 306; Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.")  "The strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA collective actions, and thus no showing of numerosity, typicality, commonality and representativeness need be made.  Rather, plaintiffs must meet only one threshold requirement: they must demonstrate that potential class members

are 'similarly situated.'" Levinson v. Primedia Inc., 2003 WL 22533428 *1 (S.D.N.Y. Nov. 6, 2003) (internal citation omitted).

Neither the FLSA nor its implementing regulations define the term "similarly situated." Hoffman, 982 F.Supp at 261. However, courts in this Circuit have held that to meet this burden of proof, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiff are victims of a common policy or plan that violated the law." Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) (emphasis added); Hoffman, 982 F. Supp. at 261.

A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations. Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 *7 (E.D.N.Y. June 12, 2006). Absent such a factual showing, an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." Id. Thus, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted); see also Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require …substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs burden") (citation omitted); Jackson v. New York Tele. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (plaintiffs required to "demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); Heagney v. European Am. Bank, 122

F.R.D. 125, 127 (E.D.N.Y. 1988) (requiring "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination" quoting Palmer v. Reader's Digest Ass'n., 1986 WL 11458 *1 (S.D.N.Y. Oct. 3, 1986).

## POINT I

## PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION MUST BE DENIED

### A.  Plaintiffs have failed to identify new evidence as to whether there are similarly situated individuals

This FLSA action was filed on July 1, 2013 on behalf of current and former delivery drivers employed by Defendants. Later, at a conference before Magistrate Go on December 12, 2013, Plaintiffs' counsel indicated that Cherif and Barry would be the only individuals moving forward with the lawsuit and that Plaintiffs would not seek a collective action. (See minute entry on Docket form 12/12/13). Thereafter, on May 19, 2014 Plaintiffs requested leave of the court to file the instant motion. Magistrate Go denied the request on May 20, 2014 and again denied Plaintiffs motion for reconsideration on May 29, 2014. (Dkt. 25).

On November 13, 2014, the Court overruled Magistrate Go's May 29, 2014 order denying Plaintiffs' request for leave to file the instant motion. (Dkt. 39). In their Rule 72(a) objection to Magistrate Go's May 29, 2014 ruling denying Plaintiffs' request for leave to file the instant motion, Plaintiffs indicated that they sought such leave because of allegedly new-found documentary evidence as to the existence of individuals who were similarly situated to Plaintiff. (See Dkt. 28). It was solely on those grounds which Plaintiffs apparently changed course as to whether they would seek the relief requested in

the instant motion since it was previously represented to the Court that Plaintiffs would not be seeking a collective action. Further, Judge Go's decision on the motion for reconsideration directly acknowledged Plaintiffs argument that "Plaintiffs only generally state that they did not receive 'concrete evidence of the fact that Defendants employ other similarly situated employees …' until March 12, 2014." (See Dkt. 25).

However, in making the instant motion, Plaintiffs not only failed to identify what this "new evidence" is, but how it proves that there are other similarly situated individuals. Plaintiffs further lose credibility with the Court since the motion solely relies on two (2) affidavits which do not even allude to this new documentary evidence, claiming that Plaintiffs are only aware of these similarly situated individuals based on experience and conversations with such individuals. (See Affidavit of Cherif ¶ 8; Affidavit of Barry ¶ 7). By solely relying on their own alleged recollection of events and conversations and not on "newly discovered evidence", Plaintiffs were apparently aware of these "similarly situated" individuals during their employment, totally shattering their reasoning for the delay in bringing the instant motion.

Since it is abundantly clear that Plaintiffs have no intent to litigate this matter honestly and have no regard for the Court or Defendants' time and resources, Plaintiffs' motion must be denied.

### B.    Plaintiffs have not sufficiently established that there are similarly situated individuals since the Plaintiffs' declarations lack specific information about work performed

 The Court should deny Plaintiffs' request because Plaintiffs have not met their minimal burden of demonstrating that they are similarly situated to the potential class members. In deciding whether a plaintiff is similarly situated to other potential class

members, courts will evaluate several factors. Specifically, courts will consider whether the plaintiff: (1) performed the same general tasks as those in the proposed class; (2) have identified other employees by name; and (3) have personal knowledge of a policy denying other employees overtime compensation. See e.g., Pineda v. Jim-Mar Consultants, Inc., 2010 WL 3853027 (E.D.N.Y., Sept. 27, 2010) (granting court-authorized notice, in part, because plaintiffs submitted the names of thirty-two other employees whom plaintiffs alleged were similarly situated); see also Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F.Supp.2d 89. 92-93 (E.D.N.Y. 2010) (decision to grant court-authorized notice was based, in part, on plaintiffs' submission of the names of multiple other employees whom were alleged to have performed similar tasks). Courts will also consider whether a plaintiff has submitted evidence of a company-wide policy with respect to the alleged FLSA violation in the form of job descriptions, hiring criteria or written policies. See Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010) (plaintiffs complaint quoted the defendant's official job description of the position at issue and cited to the company's common hiring criteria); see also Indergit, 2010 WL 2465488, *5 (plaintiff provided internal documents indicating that company-wide, all store managers had similar job duties and were similarly compensated).

Some factors weigh against granting court-authorized notice. For example, Courts reject motions based on an inadequate and uncorroborated proof including a general lack of details as to the work performed and conclusory allegations and hearsay statements. See e.g., Guillen vMashalls of MA, Inc., 2010 WL4627851, *2-3, *7-9 (S.D.N.Y., Nov. 16, 2010) (court found that plaintiffs presentation was "extremely

7

thin" because the evidence only reflected the experiences of five employees from nine of defendants 820 stores and there was a general lack of information in plaintiffs' identical affidavits as to the work performed); see also Levinson v. Primedia, Inc., 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (holding that plaintiffs did not meet their burden to demonstrate similarly situatedness where documentation attached to affidavits was limited to their own compensation).

Plaintiff, Bakary Cherif ("Cherif") and opt-in Plaintiff, Kadjaliou Barry ("Barry") (collectively "Plaintiffs") allege that they were not paid time and one-half for hours worked in excess of forty (40) each week.  They seek conditional certification of this matter as a collective action under 29 U.S.C. § 216(b) and request permission to send a notice to all current and former delivery drivers for Defendants.  Plaintiffs only identify that such delivery drivers work for Defendants, providing delivery services to clients that contract directly with Defendants.

The Complaint and the affidavits of the Plaintiffs state that Defendants did not pay Plaintiffs an additional half-time for all hours worked each week in excess of forty (40).  Cherif's affidavit also stated "Throughout my employment, I spoke with other delivery drivers who also performed similar delivery duties as I did … Those other delivery drivers also complained about working overtime hours, not receiving pay for those hours, and not being able to record all hours worked … Based on my experience working with these individuals and my conversations with them, I know that other delivery drivers worked about the same amount of time as I did."  (See Affidavit of Cherif ¶¶ 6-8). Moreover, Barry's affidavit provides "Throughout my employment, I spoke with other delivery drivers who also complained about working overtime hours,

not receiving pay for those hours, and not being able to record all hours worked … Based on my experience working with other delivery drivers and my conversations with them, I know that they worked approximately the same number of hours that I worked. The other delivery drivers also performed the same job duties as I did such as delivering products for Sameday's clients." (See Affidavit of Barry ¶¶ 7-8). However, Plaintiffs skirt the issue, not directly acknowledging whether they have any knowledge or information as to whether they actually know whether these unidentified individuals were actually paid properly or not. Their only alleged knowledge is that they know these unidentified employees complained.

Here, Plaintiffs have provided nothing but these conclusory statements that they believe that other drivers were not properly compensated. This is fatal to Plaintiffs' motion because Plaintiffs have not (1) identified any other non-managerial employees who were not properly compensated, (2) described the basis for Plaintiffs' alleged "knowledge and belief" that other employees have not been properly compensated, or (3) identified the locations at which the other drivers worked.

Plaintiffs declarations are also devoid of any details regarding the work performed by those drivers with whom they had conversations.  Plaintiffs do not indicate whether these drivers were assigned or worked at the same or another Walbaums and if not, what customer did they work for and were they paid similarly to the Plaintiffs.  Plaintiffs fail to state whether these drivers work at the same Walbaums supermarket or another supermarket for the same or different customers of Defendants.

Courts require more than a conclusory allegation that there are other employees who were not properly compensated.  In order for a motion for collective action to be

9

granted, at a minimum, affidavits must be submitted that specifically identify other individuals who were subject to the same alleged unlawful policy as plaintiffs, the time period during which the other individuals were not properly compensated, the basis for which the plaintiffs know that other individuals were not properly compensated, the manner in which the other individuals were not properly compensated, and a description of the other individuals' job duties.  See Guan Ming Lin v. Benihana Nat'l Corp., 2010 U.S. Dist. LEXIS 132871, 12-13 (S.D.N.Y. Nov. 9, 2010)(although plaintiff stated that he observed other similarly situated employees being improperly paid, since he failed to identify any of them, describe how any of them were paid, describe any of their job duties, or identify which defendant restaurant employed them, his allegations were too conclusory to establish the requisite factual nexus with other members of the putative collective action); Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009)(denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations and did not identify any individuals at other stores who were not paid overtime); Seever v. Carrols Corp., 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007)(denying motion for collective action where affidavits in support of the motion were vague as to the material circumstances surrounding the alleged violations, such as whether the acts occurred during the time period relevant to the action); Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008)(denying motion for collective action where not one affidavit stated a factual nexus with other putative employees); Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006)(denying

conditional certification based upon plaintiffs' conclusory allegation that "there are over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants"); Barfield v. New York City Health & Hospitals Corp., 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005)(denying certification where plaintiff provided "nothing but limited anecdotal hearsay to suggest that there is widespread practice"). Plaintiffs can only satisfy their burden by "identifying similarly situated employees by name" is a requirement for a motion for collective action to be granted. Rosario v. Valentine Ave. Disc. Store, Co., 2011 U.S. Dist. LEXIS 126634 (E.D.N.Y. Nov. 2, 2011)(affidavits identified other similarly situated employees and described conversations with similarly situated employees); Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)(identifying similarly situated individuals and describing knowledge); Wraga v. Marble Lite, Inc., 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)(same).

Additionally, it has been held that the lack of factual allegations in the affidavits or complaints to show that plaintiffs are similarly situated with other employees fails to meet the "low bar" for allegations required for collective action certification. Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008).

In this case, Plaintiffs have provided absolutely no evidence that other employees were subject to the same unlawful policy as Plaintiffs.  All that Plaintiffs have provided are conclusory statements that there are other individuals who were not properly compensated based on alleged conversations and observations with unidentified unknown

individuals.  Plaintiffs do not provide the identity of any of these individuals, state how the Plaintiffs allegedly learned about the facts surrounding these other individuals, where they work, or provide any evidence about the hours worked by these individuals or the compensation received by these individuals.  Further, Plaintiffs do not identify the date or context of any such conversations or observations, keeping their statements vague in an effort to persuade the Court into believing that there are similarly situated individuals. Because Plaintiffs have proffered absolutely no evidence regarding other similarly situated individuals, their motion for a collective action must be denied.

### C.      Plaintiff Is Not Representative of the Proposed Class

Plaintiffs' declarations as to commonality are based entirely on inadmissible hearsay. Repeated hearsay statements do not show that the lone Plaintiffs are similarly situated to any of the proposed class members. In fact, Plaintiffs, work by themselves at the locations to which they are assigned. (Weinstein Dec. ¶¶s 5-7).  Accordingly, they have no idea what other drivers are doing, how they perform their job duties or what hours they work. Moreover, it is Plaintiffs burden to prove that they are similarly situated to other individuals, and even under the low standard, Plaintiffs cannot identify what types of services other employees perform or who they performed the services for. Defendants provides delivery services to a multitude of supermarkets, drug stores and other retail operations requiring home delivery services to their customers.  (Weinstein Dec. ¶¶s 2-3, 5). Employees of Defendant perform all kinds of delivery services, from intrastate to interstate trucking which include larger deliveries to small package delivery services. (Weinstein Dec. ¶¶s 2-3). Defendant's Employees work for a multitude of

Defendant's customers; work different routes, hours and schedules and are required to do different deliveries. (Weinstein Dec. ¶¶s 2-3, 5).

Moreover, Plaintiffs do not even claim to know that potential class members were not paid overtime compensation. Plaintiffs only loosely claims to have had "discussions" with unknown people at other unknown Customers. As a result, Plaintiffs cannot plausibly assert that they have personal knowledge of the work performed by any Driver or Employee let alone anyone one that may even work at the same customer and store as Plaintiffs.

**D.      Plaintiffs Cannot Establish a Common Policy or Plan with Regard to All of the Defendants**

Plaintiffs seek certification of a collective action with regard to allegedly similarly situated employees of Defendants. However, there is absolutely no evidence regarding policies pertaining to the payment of wages to employees of Defendants assigned to different customers and at locations at which Plaintiffs never worked. In reality, Plaintiffs specifically worked at two separate Waldbaum's locations on Long Island to which they were assigned. (Weinstein Dec. ¶ 6). Plaintiffs did not come into contact with any other employees, directly making the deliveries on behalf of the Waldbaum's locations to which they were assigned to customers of those locations. (Weinstein Dec. ¶ 7). There is not one location that Defendants' drivers operates out of, as alleged by Plaintiffs. (Weinstein Dec. ¶ 8). Each driver operates out of a separate location, the store they are assigned to. (Weinstein Dec. ¶¶s 5, 8). In fact, none of the drivers ever report or go to Defendants administrative offices. (Weinstein Dec. ¶ 8). Moreover, Defendants have two (2) office locations: one in Manhattan and one in Orange, New York. (Weinstein Dec. ¶ 4). Thus, it is outrageous that Plaintiffs seek such broad notice to include locations that

are not parties to this action and for which there is no evidence pertaining to compensation policies.

Moreover, Plaintiffs' supervisor who set any of the alleged policies and practices with regards to their employment only supervised employees who made deliveries to Waldbaum's locations on behalf of the Defendants. (Weinstein Dec. ¶ 9). Additionally, the employees who made deliveries to Waldbaum's were subject to different policies and procedures put in place by Waldbaum's (i.e., online system setting times for deliveries, uniforms, etc.). (Weinstein Dec. ¶ 10). Delivery drivers who worked in other departments were not subject to such schedules and were permitted to make their own schedules. (Weinstein Dec. ¶ 10).

Succinctly, Plaintiffs do not have personal knowledge about the pay practices or the identity of employees who were not properly compensated at locations other than where they worked (i.e. Chairf at Jericho or Barry Garden City). Moreover, they are subjected to completely different policies and supervisors since they delivered only to a specific Waldbaum's location to which they were assigned on a regular basis. Plaintiffs have provided absolutely no evidence that employees at any other locations were not properly compensated.  This Court should not accept such meritless attempts to broaden the scope of any collective action notice.

Therefore, even assuming *arguendo* that Plaintiffs have somehow met their burden to establish that a collective action is appropriate for Defendants (which they have not), the collective action must be limited only to those drivers who delivered on behalf of Waldbaum's at the Waldbaum's located in Jericho and Garden City.  See Monger v. Cactus Salon & Spa's LLC, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6,

2009)(motion for collective action denied as to other locations because plaintiffs' only evidence that employees working at other locations' were similarly situated was based on plaintiffs' belief that other employees were subject to the same policies; they offered no basis for this belief; they named no individuals at other salons who were similarly situated; and they provided no documentary evidence that policies were the same at other salon locations); Urresta v. MBJ Cafeteria Corp., 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011)(motion for collective action as to other locations denied because there was no evidence submitted by employees with direct knowledge of the practices at the other locations); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) (conditional certification denied with respect to stores owned and operated by Dominos other than the location where the named plaintiffs worked).

## POINT II

### ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE CONTAINS NUMEROUS DEFICIENCIES

If this Court grants Plaintiffs' motion for conditional class certification (which, as discussed *supra*, it should not), Plaintiffs' proposed notice to putative class members ("notice") contains numerous deficiencies which must be revised.

### A. The Scope of the Class Is Overly Broad

Plaintiffs' motion seeks certification of a collective action for all of Defendants current and former delivery drivers. However, there is no evidence that all delivery employees are subject to the same common policy or plan. In the Complaint, Cherif merely alleges that he is similarly situated to all "non-managerial employees" because "all FLSA Plaintiffs performed similar tasks …" (Complaint ¶11). The Complaint

provides no other insight into what these similar tasks were. Additionally, Cherif's affidavit only states that "I spoke with other delivery drivers who also performed similar delivery duties as I did." (See Affidavit of Cherif ¶ 6). Additionally, Barry's affidavit only provides that "[t]he other delivery drivers also performed the same job duties as I did such as delivering products for Sameday's clients."  (See Affidavit of Barry ¶ 8). Plaintiffs fail to identify any other delivery employees who perform work other than the work that they perform.   Accordingly, the notice should be restricted to delivery employees who delivered to Waldbaum's locations.  See Rosario v. Valentine Ave. Disc. Store, Co.,011 U.S. Dist. LEXIS 126634 *23 (E.D.N.Y. Nov. 2, 2011) (since plaintiff failed to demonstrate that all employees were subject to the same common policy or plan, the class was limited to those employees performing the same tasks as plaintiff); Cohen v. Gerson Lehrman Group, Inc., 2010 U.S. Dist. LEXIS 1666 (S.D.N.Y. Jan. 6, 2010) (limiting recipients of the Notice to only 50 research associates employed by the defendant at offices around the country who plaintiff attested held similar responsibilities that he held); Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780, 26-27 (E.D.N.Y. Feb. 3, 2009) (limiting the scope of the notice of pendency to only those employees as to whom there are allegations that they have been affected by defendants' policy of denying overtime pay); Francis v. A&E  Stores, Inc., 2008 U.S. Dist. LEXIS 83369, 7-8 (S.D.N.Y. Oct. 15, 2008) (limiting the recipients of the Notice to Assistant Store Managers who plaintiffs attested had similar responsibilities to the plaintiffs); Sobczak v. AWL Indus., 540 F. Supp. 2d 354, 365 (E.D.N.Y. 2007) (limiting proposed notice to be sent only to current and former employees of defendants who shared similar occupational titles as the plaintiffs); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 264 (E.D.N.Y.

2005) (limiting the recipients of the Notice to include only Client Service Managers since the plaintiff's affidavit stated that Client Service Managers had the same job duties and assignments and were paid in the same manner as the plaintiff).

**B.    The Starting Date for Determining When Notice Should Be Sent Should Be Based on the Court's Order on the Instant Motion**

Plaintiffs' notice proposes that notice be sent to employees that were employed by the Defendants three years before the date an order potentially granting this motion. However, courts routinely hold that the notice should be sent to prospective class members who were employed by defendants beginning on the date of the Court's Order granting a plaintiff's motion for conditional collective action and going back two (2) years.  See Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 61634 *7-8 (E.D.N.Y. Apr. 29, 2013); Hernandez v. Immortal Rise, Inc., 2012 U.S. Dist. LEXIS 136556 *21 (E.D.N.Y. Sept. 24, 2012); Enriquez v. Cherry Hill Mkt. Corp., 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012); Romero v. Flaum Appetizing Corp., 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 2009); Searson v. Concord Mortg. Corp., 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008); Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008); Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003).  Therefore, the Court should order Notice to be sent to prospective class members who were employed by Defendants two (2) years preceding the date of the Court's Order granting Plaintiffs' motion for conditional collective action (not preceding the date of the filing of the Complaint).

**C.      The Time Limit To Opt-In Should Be Limited to 45 Days from the date of the Notice**

Plaintiffs' notice proposes that individuals to whom the notice is sent have 60 days to opt-in.  However, courts have restricted the opt-in period to 45.  See Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011). Therefore, Defendants respectfully request that the notice be revised to require opt-in notices to be sent within 45 days from the date on which conditional certification is granted.

**D.      The Notice Should Explain the Consequences of Joining the Action**

Courts routinely require the notice to explain that, as a result of joining the lawsuit, the putative class members may be required to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to Defendants if they do not prevail.  See Moore, 2011 U.S. Dist. LEXIS 77126 *17-18; (Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387, *12 (S.D.N.Y. 2008); Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 *23 (E.D.N.Y. Oct. 11, 2007).  Defendants respectfully request that the notice contain this language.

Defendants also request that the notice state "If you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable."  See Moore, 2011 U.S. Dist. LEXIS 77126 *18.

**E.      Contact Information for Defendants' Counsel Should Be Stated on the Notice**

Courts routinely permit the notice to contain the name, address, and telephone number of Defendants' counsel.  See Moore, 2011 U.S. Dist. LEXIS 77126 at 19; Gjurovich, 282 F. Supp. 2d 101 at 108; Cano v. Four M Food Corp., 2009 U.S. Dist.

LEXIS 7780 (E.D.N.Y. Feb. 3, 2009).  Therefore, Defendants respectfully request that their counsel's name, address, and telephone number are included on the notice.

**F.    Defendants must be able to explain that they believe that a collective action is not warranted**

A collective action gives the impression to class members that there was a widespread failure to pay correct overtime.  Defendants want the class members to be aware of their position that it has not been established that every employee who worked for Defendants were paid incorrectly, if any at all.  Accordingly, Defendants propose the inclusion of the following language:

> Defendants do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter, as they have the right to do.  Defendants do not believe that Plaintiffs have demonstrated the necessary elements required to establish a collective action.

**G.    Reference to the Court authorizing the notice must be excluded**

Plaintiffs propose that the notice include language that it and its contents have been authorized by the Court.  Although the end of the notice states that the Court expresses no opinion on the merits of the lawsuit, Defendants prefer the following language "The issue of who is right and who is wrong has not yet been addressed by the Judge and the Judge has no opinion who is right or wrong."  Moore, 2011 U.S. Dist. LEXIS 77126 at 18.

**H.    Reference to the anti-retaliation provision of the Fair Labor Standards Act must be excluded**

Plaintiffs propose the inclusion of the anti-retaliation language of the FLSA. However, the notice must not be a vehicle for communicating proscribed conduct for the purpose of prompting class members to attempt to expand the underlying lawsuit.  In this

case, there is no evidence of retaliation, and therefore, there is no need for the inclusion of anti-retaliation language.

I.      **Opt-In Notices Should Be Returnable to the Court**

Plaintiffs propose having opt-ins send their Consent to Join forms directly to Plaintiffs' counsel.  However, "[r]ecent cases in this district have suggested that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel." Rosario, 2011 U.S. Dist. LEXIS 126634 at 32 quoting Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011)(modifying plaintiffs' proposed notice to direct opt-in plaintiffs to send their consent forms to the court).  Accordingly, Defendants request that the Notice should be modified to direct opt-in plaintiffs to file their Consent to Join forms with the Court.

## POINT III

### ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION IS GRANTED, PLAINTIFFS' METHOD OF DISSEMINATION OF THE NOTICE CONTAINS DEFICIENCIES

Defendants object to Plaintiffs' request that Defendants provide Plaintiffs with, *inter alia*, names, addresses, telephone numbers, e-mail addresses, work locations, and dates of employment.

Due to privacy concerns, courts do not require the production of this information until a large number of notices are returned as undeliverable.  See Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009)("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."); Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193, at *7 (D. Md. Oct. 13, 2010)

(denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795, at *7-8 (E.D. Cal. June 5, 2008) (holding that telephone numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient); Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009)(holding no need for social security numbers to be disclosed until there is evidence that a large number of notices are returned as undeliverable); Chowdhury v. Duane Reade, Inc., 2007 U.S. Dist. LEXIS 73853 at *6 (S.D.N.Y. Oct. 2, 2007)(denying production of social security numbers where plaintiff had "not demonstrated that such information will aid in further reducing the already low number of notices that were returned undeliverable"). Therefore, it is for the Court to order Defendants to produce telephone numbers, last known e-mail addresses, locations worked and dates of employment at this juncture.

Additionally, Plaintiffs' request for employment information such as locations worked and dates of employment for al similarly situated individuals is premature. If the Court is inclined to grant the instant motion and other individuals do consent to opt-in to the case, it is only at that time that Defendants should be required to provide such information for those potential opt-in Plaintiffs only.

Moreover, Rule 7.3 of the New York Rules of Professional Conduct specifically prohibits Plaintiffs' counsel from soliciting potential clients by telephone. See New York Rules of Professional Conduct 7.3. Since it would violate Rule 7.3 of the New York Rules of Professional Conduct for Plaintiffs' counsel to solicit potential opt-ins by telephone, Defendants should not be ordered to produce telephone numbers of its current and former employees who Plaintiffs' counsel does not represent.

Defendants also object to Plaintiffs' proposal that, in addition to distributing the notice via First Class Mail, Defendants post the notice at its business locations.  "In selecting the manner of issuing the notice, th[e] court must strike the appropriate balance in ensuring notification to the former [employees] while minimizing disturbance to [the employer's] business."  <u>Hallissey</u>, 2008 U.S. Dist. LEXIS 18387 at *9.  If Defendants are required to mail the notices to putative class members, it is repetitive, and unwarranted to require Defendants to also post the notice in their workplace since the contact information of current employees will be accurate.  See <u>Shajan v. Barolo, Ltd.</u>, 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace."); <u>Han v. Sterling Nat'l Mortg. Co.</u>, 2011 U.S. Dist. LEXIS 103453 (E.D.N.Y. Sept. 14, 2011)(premature to require employer to post notice in workplace); <u>Mowdy v. Beneto Bulk Transp.</u>, 2008 U.S. Dist. LEXIS 26233, *31-32 (N.D. Cal. 2008) (refusing to require employer to post notice in workplace).  Therefore, Defendants respectfully request that the notices be mailed to the putative class members, and not posted in the workplace.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion for conditional certification of this action as a collective action should be denied in its entirety.

Dated:  December 5, 2014                    **MILMAN LABUDA LAW GROUP PLLC**


                                            /s/ Robert F. Milman
                                            Robert F. Milman, Esq.
                                            Ira Wincott, Esq.
                                            Attorneys for Defendants
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, NY 11042
                                            (516) 328-8899