UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

BAKARY CHERIF and KADJALIOU BARRY,
individually and on behalf of all
other persons similarly situated,         ORDER

                     Plaintiffs,     13-CV-1341 (RJD)(MDG)

        - against -

SAMEDAY DELIVERY CORP., et al.,

                     Defendants.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiffs Bakary Cherif and Kadjaliou Barry assert claims against Sameday Delivery Corp. ("Sameday") and Benedito Ewarton (collectively, "defendants") for violating the overtime wage requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. New York Labor Law ("NYLL") §§ 190 et seq., as well as 12 N.Y.C.R.R. §§ 142 et seq. Bringing this case as a putative collective action on behalf of other former and current non-managerial employees of defendants who were allegedly denied overtime compensation and "spread of hours pay," plaintiffs have moved for court approval to send notice of this opt-in FLSA collective action to potential plaintiffs; to compel disclosure of the names, addresses, telephone numbers, email addresses, work locations, and dates of employment of potential plaintiffs; and for authorization to post the notice and opt-in consent forms in

a conspicuous location at the defendants' all places of business. Plaintiffs seek to send notice to all eligible employees who worked for the defendants from three years prior to the date of this conditional certification order to present. See ct. doc. 46-1, Ex. 4 ("Proposed Notice").

For the reasons set forth below, plaintiffs' motion is granted to the extent described herein.[1]

BACKGROUND

Defendant Sameday Delivery is a corporation that contracts with supermarkets, pharmacies, and office supply companies to provide delivery services throughout New York City, Long Island and some other locations in the Tri-State area. See ct. doc. 1(Compl.) at ¶ 27; ct. doc. 46, Ex. 1 ("Cherif Aff."); ct. doc. 46, Ex. 2 ("Barry Aff.") at ¶¶ 7-8. It maintains a dispatch office in Manhattan, New York. Compl. at ¶ 28. Plaintiff Bakary Cherif commenced this action as the sole named plaintiff and Kadjaliou Barry later filed a consent and joined the action as a

---

[1] Because a motion for leave to send a collective action notice is separate and distinct from a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, Myers, 624 F.3d at 555-56, the motion is a pretrial matter within this Court's pretrial reference authority. See 28 U.S.C. § 636(b)(1)(A) (excepting class certification motions as a pretrial matter within a magistrate judge's authority); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 204 n.4 (N.D.N.Y. 2009); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005) (magistrate judges had authority to compel production of information about putative class members and to permit notice of collective action); Mazur v. Olek Lejbzon & Co., 2005 WL 3240472, at *2 n.1 (S.D.N.Y. Nov. 30, 2005).

plaintiff.  See ct. doc. 12.  Plaintiffs allege that the individual defendant Benedito Ewarton is the CEO of Sameday Delivery and has the power to hire and fire employees and exercised control over the terms and conditions of her employment, including the ability to determine rates and methods of payment and work schedules.  See ct. doc. 45 at 2.

Mr. Cherif and Mr. Barry state that they were employed as delivery drivers for Sameday from December 2011 to September 2013, and from February 2011 to August 2013, respectively. Compl. at ¶ 30; Cherif Aff. at ¶ 1;  Barry Aff. at ¶¶ 1-3.  As drivers, they were required to pick up goods from the supermarkets or pharmacies that had contracts with Sameday and deliver the goods to specified addresses in New York.  See id. They state that Sameday paid them and other drivers on an hourly basis at rates varying from $8.00 to $9.00 per hour during the courses of their employment.  Cherif Aff. at ¶ 2; Barry Aff. at ¶ 2.  Plaintiffs allege that even though they regularly worked over eight hours a day, six days per week, and always worked at least 60 hours per week throughout their employment, Sameday allowed them to record only the first 16 hours of overtime worked, and failed to compensate them properly for all the overtime hours and to pay spread of hours wages for time worked in excess of a ten-hour work day.  Compl. at ¶¶ 31-33; Cherif Aff. at ¶ 4; Barry Aff. at ¶ 4.

Mr. Cherif states that he had complained to Sameday numerous times about the situation, but the company never changed its

practice, and he never received overtime compensation.  Cherif Aff. at ¶ 5.  Likewise, Mr. Barry states that after he complained to Sameday Delivery on multiple occasions about not being paid for all the hours that he worked and not being paid for overtime wages, he was told that this was the way that the company operates and nothing could be done about it.  Barry Aff. at ¶ 6.  Based on their conversations with other drivers, both plaintiffs state that other drivers who performed the same job duties as they did were also denied overtime compensation and spread of hours pay.  Cherif Aff. at ¶¶ 7-8; Barry Aff. at ¶¶ 7-8.

In their opposition, defendants present the declaration of Scott Weinstein, an officer of Sameday Delivery,[2] who declares that Mr. Cherif was assigned to Waldbaum's supermarket in Jericho and Mr. Barry was assigned to Waldbaum's supermarket in Garden City.  Ct. doc. 51 at ¶¶ 5-8, 10.  He states that the drivers "report[] directly to the locations they were assigned to" and do not report or go to Sameday Delivery's administrative offices.  Id. at ¶7.  He also states that the supervisor who set the policies regarding the employment of Cherif and Barry supervised only employees who were assigned to Waldbaum's.  Id. at 9.

---

[2] Although the corporate defendant refers to itself as Sameday Delivery Corporation in its answer and subsequent filings, Mr. Weinstein states in his supporting affidavit that he is an officer of "Same Day Delivery."  See ct. doc. 51.

-4-

DISCUSSION

I. Governing Law

Section 216(b) of the FLSA provides:

> An action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This procedure permits "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis [to] join together and pool their resources to prosecute their claims." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007).

It is well settled that district courts have the discretion to authorize the sending of notice to potential class members and direct an employer defendant to disclose the names and addresses of similarly situated potential plaintiffs in a collective action brought pursuant to 29 U.S.C. § 216(b). To determine whether to authorize a class notice, a court "will look at the pleadings and affidavits" to analyze whether plaintiff and putative class members are "similarly situated." Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007); see Lee v. ABC Carpet & Home, 2006 WL 1408837, at *2 (S.D.N.Y. May 22, 2006) (court's initial determination based on "pleadings and affidavits"). Although neither the FLSA nor its implementing regulations define the term "similarly situated," in the Second

Circuit, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317 (S.D.N.Y. 2007); Morales v. Plantworks, Inc., 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).

Although the plaintiff's burden at this stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made. See Jeong Woo Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013); Colon v. Major Perry St. Corp., 2013 WL 3328223, at *4 (S.D.N.Y. July 02, 2013). There must be "a factual nexus" between the named plaintiff's claims and those that he alleges are similarly situated or an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." Prizmic v. Armour, Inc., 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (quoting D'Anna v. M/A-com, Inc., 903 F. Supp. 889, 893-94 (D. Md. 1995)).

Courts in the Second Circuit have regularly authorized the sending of a collective action notice where plaintiffs, based on their firsthand observations, identify an approximate class of similarly situated individuals. Hernandez v. Immortal Rise, Inc., 2012 WL 4369746, at *4 (E.D.N.Y. Sept. 24, 2012) (holding that plaintiffs had met the modest showing where they alleged

that based on their conversations with their co-workers, they believe that other employees suffered the same underpayment); see, e.g. Ingleias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (granting conditional certification where plaintiffs alleged that to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class); Wraga v. Marble Lite, Inc., 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (approving collective action notice where plaintiff demonstrated knowledge of conversations between other employees and conversations between employees and defendant in which they complained that they were improperly paid).

For the reasons set forth herein, I find that plaintiffs have sufficiently demonstrated that other drivers are "similarly situated," and authorize the sending notice of this action, subject to the restrictions discussed below.

II. Plaintiffs' Collective Action Claims

Plaintiffs seek leave to send a collective action notice to "all non-managerial employees" who plaintiffs claim are subject to the same wage policies and practices. Ct. doc. 45 at 7; Cherif Aff. at ¶¶ 7-8; Barry Aff. at ¶¶ 7-8. They also attach to the motion a notice they propose sending to the prospective opt-in plaintiffs (the "Proposed Notice"). See ct. doc. 46-1, Ex. 4 at 33-36. Defendants argue that plaintiffs fail to provide evidence of similarly situated individuals subject to similar

treatment other than the "conclusory affidavits from [plaintiffs]." See ct. doc. 50 (Opp'n) at 5-7. Arguing that plaintiffs' personal observations are insufficient to meet the evidentiary requirements, defendants point to decisions of other courts that have found similar allegations insufficient, particularly where the plaintiffs did not name other potential plaintiffs. Opp'n at 10-11 (citing Guan Ming Lin v. Benihaha Nat'l Corp., 2010 U.S. Dist. LEXIS 132871, at *12-*13 (S.D.N.Y. Nov. 9, 2010); Eng-Hatcher v. Sprint Nextel Corp., 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009); Seever v. Carrols Corp., 528 F. Supp. 2d. 159, 173 (W.D.N.Y. 2007)). However, the cases cited by defendants are inapposite. In Lin, the Court determined that the plaintiffs failed to allege whether the named plaintiffs were paid below minimum wage and whether other employees were denied overtime compensation, the most basic facts needed to establish their FLSA claims. Lin, 2010 U.S. Dist. LEXIS 132871, at *12-*13. In Eng-Hatcher and Seever, the court rejected a large proposed class that included employees who had worked at many different locations, where only plaintiff's affidavit alleged a common plan or practice. Eng-Hatcher, 2009 WL 7311383, at *3 (finding that plaintiff's reliance on her own affidavit did not persuasively show that defendant likely had a common plan or practice at many of its 1,200 locations); Seever, 528 F. Supp. 2d at 173 (finding that the "isolated testimony" of the plaintiff was insufficient to allege a common plan or practice applied to a

proposed class of over 100,000 workers).

Here, even though they have strikingly similar affidavits, both plaintiffs have made specific allegations about their hours and described how time records did not accurately reflect the hours actually worked. See Compl. at ¶¶ 31-33. Additionally, the plaintiffs state that, based on their first-hand conversations with other drivers who complained of the same payment practices, they believe that other drivers who performed similar duties were subjected to the same policies. Cherif Aff. at ¶¶ 6-7; Ct. doc. 46; Barry Aff. at ¶¶ 7-8.

Defendants argue that because plaintiffs worked only at their assigned Waldbaum's locations, they "did not come into contact with any other employees," and would not know the work conditions of other drivers. Ct. doc. 51 at ¶¶ 6-7. Defendants emphasize that each driver is compensated differently based on the contract, number of deliveries made and contract for services between Sameday Delivery and its customers, and that the drivers are also subject to the policies and procedures set by the particular client to whom they are assigned. Opp'n at 10. However, plaintiffs submit delivery logs showing that they delivered not only to Waldbaum's, but also to other retailers, such as Duane Reade and CVS. See ct. doc. 48, Ex. 1 at 21-29. In fact, plaintiffs made deliveries to other stores besides Waldbaum's on most days worked. Id. At this juncture, the Court declines to reject plaintiffs' statements that they talked to other drivers in the course of their work. See Winfield v.

Citibank, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) ("the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" when exercising discretion to send a collective action notice); Alonso v. Uncle Jack's Steakhouse, Inc., 648 F. Supp. 2d 484, 488 (S.D.N.Y. 2009).

Since Sameday is a relatively small business that provides services to approximately twenty customers in the New York Metropolitan area, Weinstein Decl. at ¶¶ 2-3, I find that plaintiffs have made the modest factual showing required under the FLSA to support an inference that other drivers were also subject to a common policy that deprived them of spread of hours wages and payment for some hours worked. However, I find that the class of potential FLSA claimants proposed by plaintiffs, which includes all non-managerial employees, is overly broad. Although plaintiffs state the same wage practice was applied to all "non-managerial employees," they specifically discuss only the policy that applied to "other delivery drivers" who they claim performed similar delivery duties as they did. Cherif Aff. at ¶¶ 6-8; Barry Aff. at ¶¶ 6-8. Plaintiffs have neither described what sort of work other "non-managerial employees" performed nor explained how they would know about the policies regarding these other employees. Thus, I find that the collective action notice should be limited to delivery drivers for defendants, which, interestingly, is what plaintiffs have written in the Proposed Notice. See Proposed Notice.

Accordingly, the Proposed Notice is limited to "potential opt-in plaintiffs who were employed as drivers for Sameday Delivery."

The parties also dispute the scope of the notice period. Defendants assert that the notice period should only be two years, while plaintiffs seek a three-year period. "The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F. Supp. 2d 89, 94 (E.D.N.Y. 2010); Guzman v. VLM, Inc., 2007 WL 2994278, at *5 (E.D.N.Y. Oct. 11, 2007) ("The FLSA has a three-year statute of limitations for willful violations, and a two-year statute of limitations for non-willful violations"). The plaintiffs' allegations that defendants ignored their requests for overtime pay for hours worked are sufficient at this juncture to show willfulness. In any event, "where willfulness is disputed, the courts ordinarily apply the three-year statute of limitations for purposes of certifying a representative action." Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007) (citing Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002)). Thus, I find that a notice should be sent only to employees who worked as delivery drivers in the three years prior to this order.

III. Content of Notice and Procedures

In requesting authorization to send the Proposed Notice, plaintiffs make two requests to facilitate the sending of the

notice.  First, plaintiffs request that the Court order access to defendants' place of business to post the notice and consent forms.  Defendants oppose this request, arguing that it will disrupt the course of business and would serve to notify a larger group than is defined in the notice, since other employees could see the notice.  Although some courts have authorized plaintiffs to access the employment site to post notices at the place of employment of potential opt-in plaintiffs, see Hernandez v. NGM Mgmt. Grp. LLC, 2013 WL 5303766, at *5 (S.D.N.Y. Sept. 20, 2013), the majority of courts that authorize posting of the notice direct defendants to do so.  See, e.g., Haas v. Verizon New York, Inc., 2015 WL 4884858, at *8 (S.D.N.Y. August 13, 2015); Chen v. Oceanica Chinese Restaurant, Inc., 2014 WL 1338315, at *1 (E.D.N.Y. April 02, 2014); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008); Sherrill v. Sutherland Global Servs., Inc., 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007).

To be sure, the posting of notices may be appropriate where the employees of defendants work at specified employment sites.  However, in this case, the plaintiffs and other potential collective action members apparently report to work at different locations operated by non-parties and do not indicate that they have a "home base" where drivers regularly report.  Rather, plaintiffs have resorted to using pro forma language from other cases to demand access to post a collective action notice.  Plaintiffs have not identified any work locations controlled by the defendants that prospective members of a collective action

may frequent. Nor have plaintiffs contested defendants' statement that the drivers do not report to the administrative offices of the defendants. See Weinstein Decl. at ¶ 8. However, since the posting of a collective action notice may be an effective means of reaching prospective members of a collective action, this Court will give plaintiffs an opportunity to propose within two weeks of this order locations where a notice could be posted by defendants. Defendants are directed to cooperate in conferring with plaintiffs to identify such a location or locations.

Second, plaintiffs request that defendants be required, within 21 days of the entry of this order, to provide plaintiffs with the names, last known addresses, email addresses, work locations, dates of employment and telephone numbers of all potential opt-in plaintiffs who worked in the above-described capacities for the period beginning September 30, 2012 to the present. Defendants object to the production of any information other than the names and last known addresses of the similarly situated employees, arguing that names and addresses are sufficient to disseminate the notice and that additional information might provide those potential plaintiffs with misinformation. However, courts routinely order discovery of names, addresses, telephone numbers, and other information in FLSA actions. See, e.g., Ack v. Manhattan Beer Distribs., Inc., 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) (names, addresses, and telephone numbers); Gorey v. Manheim Servs. Corp., 2010 WL

5866258, at *6 (S.D.N.Y. Nov. 10, 2010)(names, dates of employment, last known mailing address, email address, and telephone number). Given the transient nature of some workforces, email addresses and telephone numbers may be an effective way of locating employees.

Defendants raise a number of objections to the Proposed Notice. Defendants contend that the notice should more clearly specify the discovery obligations for potential plaintiffs.[3] See Opp'n at 18. However, the Court finds that "a neutral and non-technical reference to discovery obligations best advises potential plaintiffs of the obligations of participation." Hernandez, 2012 WL 4369746, at *7 (citing Lujan v. Cabana Mgmt., 2011 WL 317984, at *13 (E.D.N.Y. Feb. 1, 2011)) (internal quotation marks omitted). Consequently, the plaintiffs should modify the first sentence on page three of the Proposed Notice as follows: "you **may** be asked to **testify and** provide documents or information relating to your employment at Sameday, which may include responding to written questions." Id.

Additionally, defendants request that the notice include a paragraph stating that defendants believe that a collective action is not warranted and that "the issue of who is right and

---

[3] Plaintiffs' Proposed Notice states that class participants "will be asked to provide documents or information relating to your employment at Sameday Delivery, which may include responding to written questions." Ct. doc. 46-1. Defendants want the notice to state that the class member "may be required to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to defendants if they do not prevail."

-14-

who is wrong has not yet been addressed by the Judge and the Judge has no opinion who is right or wrong."  They argue this is necessary so that class members "[are] made aware of their position that it has not been established that any employee who worked for Sameday Delivery was paid incorrectly."  Opp'n at 19.  Defendants also object to the language in the notice that the "notice and its contents" have been authorized by the Court.  Id. at 19.  This Court generally finds that the proposed modifications are unnecessary because the general denial of liability and statement of the Court's neutrality included in plaintiffs' Proposed Notice are sufficient to address defendants' concern.  However, to emphasize the Court's neutrality, this Court directs that Section 10 be amended as follows:

> The Honorable Marilyn D. Go, United States Magistrate Judge for the U.S. District Court, Eastern District of New York has reviewed the contents of this Notice and approved the sending of this Notice.  The Court expresses no opinion on the merits of the Lawsuit and has not yet ruled on whether the Plaintiffs' claims or Defendants' defenses have any merit.
>
> PLEASE DO NOT WRITE OR CALL THE COURT ABOUT THIS NOTICE.

Defendants further request that the provision in the notice directing potential opt-in plaintiffs to send the signed consent forms to plaintiffs' counsel be modified to require that the opt-in plaintiffs file the consent forms with the Clerk of the Court.  This Court disagrees that such a measure is necessary to avoid undue pressure on the opt-ins to use plaintiffs' counsel; a provision in the notice and attached consent that clearly indicates that opt-in plaintiffs have the right to select their

own counsel will suffice. The Court also agrees that the potential opt-in plaintiffs may find having to send forms to the Clerk of Court intimidating and from joining the action. Although "courts are split as to whether opt-in plaintiffs should file their consent forms individually or through plaintiffs' counsel," when the notice instructs that opt-in plaintiffs can select their own counsel, "there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel." See <u>Limarvin v. Edo Rest. Corp.</u>, 2013 WL 371571, at *3 (S.D.N.Y. Jan. 31, 2013) (internal quotations omitted). Thus, this Court directs that the notice be modified to contain language advising that prospective FLSA class members may select their own attorney in this action. Such language should be included in Section 4 after the final paragraph as follows:

> You have a right to be represented by an your own lawyer, but you will be responsible for making arrangements for payment of the fees of the attorney you select. The lawyer you hire must file with the court a Consent to Join this lawsuit by the deadline set and must enter a formal appearance as attorney on your behalf.

In addition, the section 5 must similarly be modified as follows, beginning with the second sentence of the first paragraph:

> **If you join this Lawsuit and send your Consent to Join to Borelli & Associates, P.L.L.C., you are designating the Plaintiffs and Borelli & Associates** to make decisions on your behalf concerning the case, **including** the method and manner of conducting the case, and all other matters pertaining to this Lawsuit. Decisions made and agreements entered into by Plaintiff relating to the Lawsuit will be binding on you if you join the Lawsuit**. If you hire your own attorney, you will be**

> **bound by decisions and agreements that your attorney makes on your behalf in this Lawsuit.**
>
> While this lawsuit is pending, you **may** be asked to **testify and** provide documents or information relating to your employment at Sameday, which may include responding to written questions. For this reason, if you join the lawsuit, you should preserve all documents relating to your employment at Sameday currently in your possession. Plaintiff' attorneys **or your own attorney, if you hire one,** will assist you.

Next, defendants argue that because there is no allegation of retaliation in the instant case, the anti-retaliation language must be excluded from the notice. Opp'n at 19. Defendants offer no support for this assertion. To the contrary, "courts regularly include anti-retaliation provisions in these notices even where plaintiffs raise no specific allegations of retaliation." Hernandez, 2012 WL 4369746, at *9; see also Rosario v. Valentine Avenue Discount Store, Co., 828 F. Supp. 2d 508, 525 (E.D.N.Y. 2011); Lynch, 491 F. Supp. 2d at 373. This Court thus approves plaintiffs' anti-retaliation language in Section 8 of the Proposed Notice.

Plaintiffs agree to a few changes requested by defendants. Plaintiffs do not object to revising the opt-in period from 60 days to 45 days from the date of the notice as proposed by defendants. See Lujan v. Cabana Mgmt., 2011 WL 317984, at *13. Accordingly, the notice should be modified to direct opt-in plaintiffs, within 45 days of the date of the Notice, to file their consent forms with the Court.

In addition, plaintiffs do not object to adding defense counsel's contact information to the Proposed Notice but they also seek to add that, "Defendants' counsel does not represent your interests and any communications with them may be used against you in this litigation" under such information. Reply at 9. Since contact information of defendants' counsel is routinely included in notices, this Court grants defendants' request. See Harhash v. Infinity West Shoes, Inc., 2011 WL 4001072, at *4 (S.D.N.Y. Aug. 25, 2011). Nevertheless, the notice shall direct the potential plaintiffs that "if you decide to join this case, you should not contact the defendants' lawyer directly yourself." See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, Ex. B (Notice) (S.D.N.Y. 2003); Iriarte v. Redwood Deli & Catering, Inc., 2008 WL 2622929, at App'x (Notice of Lawsuit with Opportunity to Join) (E.D.N.Y. June 30, 2008).

Finally, this Court directs that following additional changes also be made to the notice in the interest of accuracy and clarity:

A. First, the caption of the notice and attached consent should be amended to include Kadjaliou Barry as a plaintiff. Although plaintiffs' counsel states in the notice of motion for the instant motion that it is filed on behalf of both Bakary Cherif, the original plaintiff, and Kadjaliou Barry, as an opt-in plaintiff, the caption does not include Mr. Barry. The Court notes that when counsel filed a consent form for Mr. Barry, counsel did not name Mr. Barry on the docket entry and apparently

failed to use correct filing procedures so as to amend the docket sheet to add Mr. Barry as a plaintiff. <u>See</u> ct. doc. 12. This Court will arrange to correct plaintiff's docket entry and the docket sheet.

All mention of "plaintiff" in the Proposed Notice should be modified to refer to "plaintiffs" in the plural.

B. The first paragraph preceded by a bullet point on the first page of the Proposed Notice should be amended as follows: (1) to include a reference to Mr. Barry, (2) to limit the use of the term "Sameday" to the corporate defendant, since the individual liability of defendant of defendant Ewarton has not yet been determined; and (3) to eliminate the reference to unpaid minimum wages since there are no allegations in the complaint and the affidavits of the plaintiffs regarding the failure to pay minimum wages. Accordingly, the paragraph should read as follows:

> Plaintiffs Bakary Cherif and Kadjaliou Barry were previously employed as delivery drivers by Sameday Delivery Corporation ("Sameday") and Benedito Ewarton, the Chief Executive Officer of Sameday. Mr. Cherif brought this lawsuit against these two defendants on behalf of himself and all other current and former similarly situated delivery drivers, employed since September 30, 2012. Mr. Barry later joined the lawsuit as a plaintiff. Each plaintiff claims that Sameday did not pay him for all hours worked, including overtime wages due.

C. The first Section 3 of the Notice must be amended to refer to "Plaintiffs" in the plural and to include the following sentence at the end as clarification:

-19-

> This notice concerns the claims brought under the
> federal law known as the Fair Labor Standards Act.

D.  The caption of the consent form should include Mr. Barry as a plaintiff and bear the title "CONSENT TO JOIN COLLECTIVE ACTION."

E.  The following sentence should be added to end of the final paragraph of the Consent to Join form:

> I agree to notify Borrelli and Associates, P.L.L.C. of any changes in my contact information listed below.

## CONCLUSION

For the forgoing reasons, the Court grants plaintiffs' motion (1) for leave to send a collection action notice to the extent discussed above; (2) to compel defendants to disclose the names, last known addresses, work locations, dates of employment and telephone numbers of potential plaintiffs who were employed as drivers; and (3) for access to post a notice at defendants' place of business.  Plaintiffs must modify the Proposed Notice and consent form in accordance with the foregoing and file a proposed revised notice and consent form by October 6, 2015.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 30, 2015

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE